**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**IN RE MARQUETTE TRANSPORTATION COMPANY, GULF INLAND LLC**, *as Owner and Operator of the T/V ROSS SALVAGGIO, for exoneration from or limitation of liability*

**Case No. 5:23-cv-12-BJB**

* * * * *

## OPINION & ORDER GRANTING UNOPPOSED MOTION TO DISMISS RISHER'S CLAIM

Marquette Transportation Company Gulf Inland, the owner of a towing vessel named *ROSS SALVAGGIO*, filed a complaint and petition for exoneration from or limitation of liability in the Southern District of Texas. Marquette alleged that a *ROSS SALVAGGIO* crew member injured his back while working aboard the vessel in 2020. The Court accepted Marquette's *ad interim* stipulation of the value of the vessel for security (DN 9), directed notice, and restrained all other cases arising out of this incident.

*

Wesley Risher thereafter filed a claim and answer in this case. *See* Answer (DN 17); Claim (DN 26). He claims that he injured his back while acting on the negligent instructions of the captain to "reach his hand into a large winch" to "yank a metal cable free." Claim at 1.

The Southern District of Texas transferred the case, without opposition, to this Court in January 2023. This Court then stayed these limitations proceedings, in response to the parties' proposed agreed order, pending the resolution of Risher's related case filed in McCracken Circuit Court. Order Staying Case (DN 61). Not quite a year later, in April 2024, Risher's attorney withdrew as counsel. *See* DN 71. During a subsequent status conference in June 2024, Wesley Risher appeared *pro se* and indicated he was continuing to seek legal representation. DN 73.

Since that hearing, however, Risher has not taken any action in this case. The Magistrate Judge conducted another status conference in July 2024, but Risher failed to appear and no counsel appeared on his behalf. DN 75. Marquette filed a status report in September 2024 advising the Court that the McCracken Circuit Court

granted its partial summary-judgment motion against Risher. DN 76. Its counsel noted that Risher did not appear at the hearing on the motion.

The Court held a remote hearing on November 13, 2025, concerning the status of the related case pending in McCracken Circuit Court. Risher again did not appear. But counsel for Marquette did, informing the Court that no activity had followed the September 2024 partial summary-judgment order in the related state case. In a subsequent order, the Court warned Risher that continued inaction in this case could result in a dismissal of the case, including his Jones Act claims against Marquette, for failure to prosecute. *See* DN 82.

Marquette filed a status report in January 2026 explaining that the McCracken Circuit Court dismissed Risher's case for failure to prosecute. Marquette also filed a motion to dismiss his claim in this proceeding. Motion to Dismiss (DN 84). Risher did not file any response or otherwise appear. So the Court ordered him to respond. DN 85. Risher missed that deadline, too.

* *

The Court dismisses Risher's claim for two reasons. First, the petition for limitation of liability is likely moot. The McCracken Circuit Court dismissed Risher's complaint with prejudice.[1] Because the state court dismissed his case with prejudice, the dismissal acts "as an adjudication upon the merits." KY. R. CIV. P. 41.02(3). And when "the state court renders a judgment in favor of the shipowner … the limitation proceeding is dismissed as moot." *In re Muer*, 146 F.3d 410, 418 (6th Cir. 1998). Without an underlying claim against Marquette, the Court no longer needs to "determine whether a vessel owner is entitled to limited liability" under the Limitation of Liability Act. *Id.* at 417. So Risher's claim appears to be precluded by the state-court dismissal, leaving this Court with no live dispute to adjudicate in the limitations proceeding—given that no other claimant filed here before the claims period lapsed.

In any event, Risher's claim should be dismissed for his failure to prosecute his claim.[2] *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "inherent"

---

[1] Marquette's motion to dismiss attached a copy of the McCracken Circuit Court's order dismissing the case with prejudice for failure to prosecute. DN 84-2.

[2] Though Federal Rule of Civil Procedure 41(b) specifies that dismissal may be appropriate if a "plaintiff"—as opposed to a claimant in a LOLA action—"fails to prosecute" his or her case, courts have nevertheless held that claimants in LOLA actions have the same obligations to prosecute their claims. *See, e.g.*, *Matter of Petition of Grace Ocean Priv. Ltd.*, 2026 WL 1975133, at *1 n.2 (D. Md. July 8, 2026) ("claimants in a limitation of liability action—like plaintiffs in ordinary civil cases—incur certain obligations to pursue their claims or risk dismissal").

authority of trial judges to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). To determine whether dismissal is appropriate, courts in this circuit consider (1) the plaintiff's "willfulness, bad faith, or fault" in causing the delay, (2) any prejudice the plaintiff has caused the defendants, (3) whether the court has warned the plaintiff "that failure to cooperate could lead to dismissal," and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).

Here, Risher has not appeared in this case for more than two years. And he apparently also abandoned his case in McCracken Circuit Court. The Court warned Risher multiple times that his failure to take action in this case could result in the dismissal of his claim. And the Court gave him ample opportunity to do so. Marquette is prejudiced, at least somewhat, by continuing to appear and file motions in this case years after Risher apparently abandoned his claim. The Court therefore dismisses Risher's claim for failure to prosecute to the extent it is not already moot based on the state-court ruling.

* * *

Marquette also asks the Court to exonerate it of liability in connection with the case. Motion to Dismiss at 2–3; Supplemental Admiralty and Maritime Claims Rule F ("complaint may demand exoneration from as well as limitation of liability"); *In re Muer*, 146 F.3d at 417 n.3 ("shipowners routinely seek exoneration") (citation omitted). No other claims besides Risher's were made in this Court within the claims period, despite the notice issued following the *ad interim* stipulation and restraining order. *See* Order Directing Issuance of Notice (DN 8) at 2. Because the purpose of the Limitation of Liability Act is to "allo[w] a vessel owner to limit liability for damage or injury," and there is no longer any claim for damage or injury in this case, exoneration is appropriate. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The Court therefore dismisses Risher's claims, exonerates Marquette of liability in connection with this incident, and orders the clerk to close the case.

Benjamin Beaton, District Judge
United States District Court

August 25, 2026